UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BERTHA ANN LONGORIA, | CASE NO. 1:19-cv-00014-GSA |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(b) |
| | (Doc. 30) |
| KILOLO KIJAKAZI, acting Commissioner of Social Security, | |
| Defendant. | |

The Law Offices of Lawrence D. Rohlfing, Inc., CPC, counsel for Plaintiff Bertha Ann Longoria, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). Plaintiff was served a copy of the motion by mail with instruction to respond, if at all, within 14 days of Plaintiff's receipt thereof. Doc. 30 at 10. Plaintiff did not file a response. Defendant responded to the motion summarizing the applicable law but taking no position on the fee request. Doc. 31. For the reasons below, the motion will be granted.

**I.     Background**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of 25% of the past due benefits awarded. Doc. 30-1.

On January 4, 2019 Plaintiff filed a complaint for review of the administrative decision denying Plaintiff's application for benefits. Doc. 1. The matter was fully briefed and the Court entered judgment against Plaintiff on June 29, 2020. Docs. 22. Plaintiff appealed to the U.S. Court of Appeals for the Ninth Circuit. Doc. 23. On appeal the parties jointly moved to remand the matter to the agency for further proceedings. AR 27. The district court judgment was vacated and the matter was remanded accordingly. Doc. 28. On remand the agency determined that Plaintiff was disabled and entitled to past due benefits of $94,971.92. Doc. 30-3. From the past due benefit amount, the agency withheld 25% ($23,742.98). Doc. 30-3 at 3) of which counsel now seeks $18,000. *Id.*

## II.     Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v. Com'r of Soc. Sec.*, No. 1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

## III.     Analysis

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely a stipulation to remand, entry of judgment, and ultimately a substantial award of past due benefits. There is no indication that counsel engaged in dilatory conduct, excessive delay, or substandard performance. Counsel's itemized bill reflects 35.1 hours spent on tasks such as reviewing the administrative transcript and drafting merits briefs, a reasonable amount of time for performance of those tasks. Doc. 30-4. Counsel seeks $18,000 in compensation resulting in an effective hourly rate of $512. Although counsel's

time expenditure was modest, the fee award would not amount to a windfall.  Unlike fee motions governed entirely by the lodestar method, in contingency fee matters pursuant to section 406(b) the lodestar is merely a guidepost, and a comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants.  *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

Moreover, the $512 effective hourly rate sought here does not exceed rates approved by other courts under section 406(b).  *See, e.g.*, *Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (effective hourly rate of $1,553.36); *Coles v. Berryhill*, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) ($1,546.39 per hour).

The $18,000 total amount is also consistent with total contingent fee awards granted under section 406(b).  *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

Considering the character of the representation, the result achieved, and the fee amounts awarded in similar cases, the request here is reasonable.

Accordingly, it is **ORDERED** as follows:

1. Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (Doc. 30) is granted.
2. The Commissioner shall certify a payment of a gross award in the amount of $18,000 to the Law Offices of Lawrence D. Rohlfing, Inc., CPC.

IT IS SO ORDERED.

Dated:   **March 6, 2024**            /s/ Gary S. Austin
                                           UNITED STATES MAGISTRATE JUDGE